IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **VERN RAMON LOCKRIDGE,** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | 3:13-CV-3195-M-BK |
| § | | |
| **THE BRIDGE SHELTER,** § | | |
| Defendant. § | | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, proceeding without the assistance of counsel, brings this Section 1983 action against the Bridge Shelter. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed.

### I. BACKGROUND

In his *Amended Complaint* and *Answers to Magistrate Judge's Questionnaire,* Plaintiff alleges civil rights violations against the Bridge Shelter, a homeless recovery center, under 42 U.S.C. § 1983. (Doc. 10 at 1; Doc. 12 at 1). Plaintiff's allegations are often illogical and difficult to decipher. He alleges that Tommy, a supervisor at the Bridge Shelter, "withheld mail," which ultimately "had to be resent." (Doc. 10 at 1; Doc. 12 at 1). Plaintiff also contends that David Swain, his case manager, "jeopardized [his] SSI [Social Security Income] benefits" by refusing to give him "a late pass for employment," which would have permitted him to "achieve PASS plan." *Id.* He also claims that Swain did not enter him "on the housing list," depriving him of "housing resources," such as late evening meals. (Doc. 12 at 1). Plaintiff alleges that, as a result, he "starved . . . for several days," due to his extended work schedule (5

a.m. to 8 p.m.).  *Id.*  Ultimately, Plaintiff lost his job due to "a nervous breakdown from not eating and sleeping."  (Doc. 10 at 1).  Plaintiff states that he was "harmed mentally, physically, [and] financially."  (Doc. 12 at 1).  He requests $100,000 in damages.  *Id.* at 2.

## II. ANALYSIS

### **Frivolous Claims**

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).  That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.

      The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers).  Even under this most liberal construction, however, Plaintiff's claims are frivolous.

      To pursue a claim under section 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or federal law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

      When asked to explain if a federal court had subject matter jurisdiction over his case, Plaintiff stated "[c]onstitutional, civil, disability and liberty rights," and "42 U.S.C. § 1983 – Civil action for deprivation of rights Titles I and V of the [A]mericans with [D]isabilities [A]ct of 1990."  (Doc. 12 at 3).  Plaintiff, however, has alleged no facts that would support a finding

that the Bridge Shelter, a privately-run entity supported only in part through public funds, *Id.* at 6, is a state actor for purposes of section 1983.  *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 242 (5th Cir. 1999) (summarizing when conduct of a private actor can be fairly attributed to the State); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) (section 1983 does not reach "private conduct, no matter how discriminatory or wrongful").  Nevertheless, even assuming Defendant and its employees were state actors, Plaintiff's bare allegations that he suffered the "deprivation of [a] work pass" and "housing resources" do not rise to the level of a constitutional violation. (Doc. 12 at 1).

Plaintiff also has failed to provide meaningful allegations to support a discrimination claim under the Americans with Disabilities Act.  *Id.* at 4, 6.[1]  And, insofar as he seeks to sue under 18 U.S.C. § 1708 for "theft or receipt of stolen mail" (Doc. 12 at 1), his claim is not cognizable in a civil action.  *See Pierre v. Guidry*, 75 Fed. Appx. 300, 300 (5th Cir. 2003) (unpublished *per curiam*) (there is no private cause of action under a federal criminal statute) (citing *Cort v. Ash*, 422 U.S. 66, 79 (1975); *Ali v. Shabazz*, No. 93-2495, 1993 WL 456323 (5th Cir. 1993) (unpublished *per curiam*)).  Accordingly, Plaintiff's claims lack an arguable basis in law and should be dismissed as frivolous.

**Sanction Warning**

Because Plaintiff previously filed nine civil actions which were dismissed as frivolous or for want of jurisdiction (Doc. 11 at 9-10, Doc. 12 at 7), he should be warned that if he persists in filing frivolous or baseless cases, the Court may impose monetary sanctions and/or bar him from bringing any further action.  *See* Fed. R. Civ. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants or attorneys).  Sanctions may be appropriate when a *pro se* litigant has a

---

[1] Plaintiff concedes that he is not suing for employment discrimination under the Americans with Disabilities Act.  (Doc. 12 at 5).

history of submitting multiple frivolous claims.  *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions).  Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period."  *Free v. United States,* 879 F.2d 1535, 1536 (7th Cir. 1989).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be summarily **DISMISSED** with prejudice as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(b).  It is further recommended that Plaintiff be **WARNED** that sanctions may be imposed if he persists in filing frivolous actions.

SIGNED November 6, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE